United States District Court

for

District of Guam

FILED
DISTRICT COURT OF GUAM
JAN 3 0 2006 ᵠᵖ
MARY L.M. MORAN
CLERK OF COURT

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender: **Jerry T. Garrido**     Case Number: **CR 99-00039-001**

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   November 18, 1999

Original Offense: Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§922(g) & 924(a)(2)

Original Sentence: 41 month term of imprisonment followed by three year term of supervised release with the following special conditions: refrain from alcohol use; submit to alcohol testing; participate in a program for the treatment of a controlled substance or alcohol abuse, as approved and directed by the U.S. Probation Office; and which may include but limited to random urinalysis or other testing; perform 200 hours of community service; and pay a $100 special assessment fee. **Modified** on April 4, 2003 to include 100 hours of community service for noncompliance. **Revoked** on May 13, 2003, 10 months imprisonment followed by 26 months of supervised release with previously ordered special conditions. **Modified** on July 27, 2004 to include 150 hours of community service for noncompliance.

Type of Supervision:   Supervised Release     Date Supervision Commenced:   March 12, 2004

### PETITIONING THE COURT

[ ] To extend the term of supervision for _____ years, for a total term of _____ years.

[X] To modify the conditions of supervision as follow

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Garrido successfully completed the drug treatment and testing phase system on July 14, 2005, and has continued to test negatively for drugs and alcohol since the completion of the drug treatment program. He completed his community service requirement on November 18, 2004, paid his $100 special assessment fee on October 29, 2001, and voluntarily submitted to a DNA sampling of his blood on June 22, 2005. Mr. Garrido has yet to obtain gainful employment.

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Garrido's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 1/24/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: 1/24/06

THE COURT ORDERS

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[X] The Modification of Conditions as Noted Above.

[ ] Other    Issuance of a: [ ] Summons    [ ] Warrant

FRANCES TYDINGCO-GATEWOOD, Designated Judge
1/30/06
Date

RECEIVED
JAN 24 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____    Signed _____
        U.S. Probation Officer              Probationer or Supervised Releasee

        1/23/06
        Date